IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-201-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| $26,100.00 IN U. S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |

On June 23, 2010 the Court entered an Order granting the Plaintiff's Motion to Compel Discovery Responses. The claimant was given until July 3, 2010 to fully and completely respond to the plaintiff's discovery requests, which consisted of both interrogatories and requests for production of documents. The claimant was warned by the Court that "if he fails to completely respond to discovery as ordered, then on application by the United States of America, his claim and answer shall be stricken and default judgment entered." No responses to the discovery have been received by the Government. Nor has the claimant responded to this motion.

Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may apply for an order compelling discovery. As a sanction for failure to comply with a discovery order, Rule 37(b)(2)(A)(iii) & (vi) provide that the court may dismiss the action or proceeding or render judgment by default against the

disobedient party. In addition, Rule 37(b)(2)(A)(vii) provides that the court may treat the failure to obey a discovery order as contempt of court.

As the claimant has both failed to respond to discovery as required by the Court's Order or provide any reason for such failure to respond, in accordance with the above stated rule, it is hereby

ORDERED that the verified Answer and Claim filed by the claimant on June 9, 2009 and August 31, 2009, respectively, are stricken as a sanction for his failure to obey the Court's Order.

Further examination of the Court files and records shows that the defendant currency was served while in the custody of the United States Marshal on May 12, 2009.

Notice of publication was available on the www.forfeiture.gov web site between May 12, 2009 and June 10, 2009.

Examination of the Court files and records shows that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on Takeon Williams, a potential claimant of the defendant, via his counsel of record, Slade C. Trabucco, by certified mail return receipt requested on May 19, 2009.

More than 35 days have elapsed since the date on which the in rem defendant and potential claimant were served with the

2

Warrant of Arrest and a copy of the Complaint, excluding the date thereof.

No other person has filed a verified claim in this action or answered or plead as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims and, as the Court has stricken the claimant's claim and answer, there is no responsive pleading. Accordingly, the Clerk of Court is hereby DIRECTED to enter default against the defendant property, whereupon default judgment may be entered.

SO ORDERED this 5 day of October, 2010.

JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE